

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-81,022-01 & WR-81,022-02

### EX PARTE ISAAC SORIA LOPEZ, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS CAUSE NO. C-36,199 IN THE 244TH DISTRICT COURT FROM ECTOR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offense of murder and sentenced to imprisonment for seventy-five years. The Court of Appeals affirmed conviction. *Lopez v. State*, No. 11-10-00257-CR (Tex. App.—Eastland Aug. 2, 2012) (not designated for publication).

Applicant contends, among other things, that trial counsel rendered ineffective assistance because he did not discover a toxicology report that showed the decedent had consumed alcohol

and cocaine before her death. Applicant has submitted a copy of a toxicology report and a letter from a forensic pathologist interpreting the report.

Applicant has alleged facts that, if true, might entitle to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court has made findings of fact addressing Applicant's claims, but neither counsel's response nor the court's findings address the toxicology evidence. The trial court shall order trial counsel to respond to Applicant's claim that counsel was ineffective for not discovering the toxicology report. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make additional findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make specific findings as to whether Applicant was prejudiced by counsel's failure to discover and utilize the toxicology results in Applicant's defense. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact

issues.  The issues shall be resolved within 90 days of this order.  A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: November 19, 2014
Do not publish